**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

NEAL ALLEN HALL,                                                     PLAINTIFF
ADC #089909

v.                                    4:22CV00410-LPR-JTK

JASON SICKLER, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.  Any party may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.    Introduction**

Neal Allen Hall  ("Plaintiff") is in custody at the North Central Unit of the Arkansas Division of Correction ("ADC").  He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted.  (Doc. Nos. 1-3).  Upon screening Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA"), the Court finds Plaintiff's Complaint fails to state a claim on which relief may be granted.  Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

II.    **Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

III.    **Discussion**

Plaintiff filed his Complaint on the standard form used by prisoners when bringing suit under 42 U.S.C. § 1983.  (Doc. No. 2).   Plaintiff sued the unidentified Federal Bureau of Prisons ("FBOP") South Central Regional Director, South Central Regional Counsel Jason Sickler, and the unidentified Director of the FBOP in their personal and official capacities.  (Id. at 1-2).  As further explained below, Plaintiff claims Defendants violated his due process rights.

Before his confinement in the ADC, Plaintiff was in federal custody at FBOP facility in El Reno, Oklahoma.  (Id. at 4).  Because of threats on Plaintiff's life, he was housed in solitary confinement for some time before he transferred out of the El Reno facility.  (Id.).  Before his transfer, Plaintiff was taken to the property room so FBOP officials could inventory his property.  (Id.).  In the process, Plaintiff noticed some of his property was missing.  (Id.).  Later, the property was returned to Plaintiff, put in a box, and placed with Plaintiff's other two boxes of property, for a total of three boxes of personal belongings.  (Doc. No. 2 at 4-5).

Plaintiff then was transferred to the FBOP facility in Forrest City, Arkansas.  (Id. at 5).  Upon arrival, Plaintiff was placed in the special housing unit for around one year due to threats on his life.  (Id.).  Plaintiff alleges that during that time, FBOP officials would not allow him to inventory his property.  Plaintiff claims this denial was a violation of his due process rights.  (Id.).

Eventually Plaintiff received a response to one of his many inquiries about his property.  (Id.).  According to the response, Plaintiff had three boxes of property shipped from El Reno to Forrest City.  (Id.).  Despite the fact that Plaintiff did not touch his property for one year, the inventory sheet from El Reno differed from the inventory sheet at Forrest City, with some items added and some deleted.  (Doc. No. 2 at 5-6).

On March 15, 2021, Plaintiff filed two "in house tort claims"—one claim was about various missing property and one claim was specifically about photographs that were missing.  (Id. at 6).  Plaintiff contends that a response to his claims was due 180 days after he filed them.  (Id.).  Plaintiff's claim regarding the missing photographs was denied in November 2021—approximately two-and-a-half-months late.  (Id.).  Plaintiff appealed the denial.  (Id.).  At the time Plaintiff wrote his Complaint, he still had not received a response to his appeal.  (Id.).

Plaintiff inquired about the status of his second claim. (Doc. No. 2 at 7). Defendant Sickler informed Plaintiff in a January 27, 2022 letter that the FBOP would be consolidating Plaintiff's first and second claims. (Id.). According to the letter, Plaintiff's claims would be reconsidered together according to Plaintiff's appeal of his first claim. (Id.). Plaintiff alleges that the South Central Regional Director and Defendant Sickler have "defaulted by two (2) months on the second claim about [Plaintiff's] photos lost and is now (13) months defaulted on the first claim about [Plaintiff's] other personal property . . . ." (Id.). According to Plaintiff, "the BOP has been and is continuing to deny [Plaintiff] due process." (Id.). Plaintiff seeks damages in the amount of his missing property, among other relief. (Id. at 8-9).

## A.    __Bivens__ Claim

Plaintiff sued under 42 U.S.C. § 1983, but his Fifth Amendment due process claims are properly characterized as falling under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics. 403 U.S. 388 (1971). "[A] *Bivens* action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983." Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006). A claim under Bivens is the same as an action under 42 U.S.C. § 1983, "except that the former is maintained against federal officials while the latter is against state officials." Sanchez v. U.S., 49 F.3d 1329, 1330 (8th Cir. 1995) (per curiam). Generally, case law analyzing 42 U.S.C. § 1983 claims applies to Bivens cases. See Ibrahim v. United States, 868 F. Supp. 2d 27, 30 (E.D.N.Y. 2012).

## B.    Official Capacity Claims

A claim against an official of the United States is the equivalent to a claim against the United States; sovereign immunity bars Bivens claims against the United States. Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998) ("[A] Bivens action cannot be prosecuted against

the United States and its agencies because of sovereign immunity."). A "prisoner may not bring a *Bivens* claim against the . . . BOP." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). Accordingly, Plaintiff's official capacity claims fail to state a claim on which relief may be granted and should be dismissed.

### B.    Personal Capacity Claims

Plaintiff brought suit against Defendants in their personal capacities, as well. In determining whether Plaintiff's allegations may proceed under Bivens, the first question is whether his case is "the type for which a *Bivens* remedy is available." Farah v. Weyker, 926 F.3d 492, 497 (8th Cir. 2019). The United States Supreme Court has recognized an implied cause of action under Bivens on only three occasions. (Id. at 497-98). The three cases in which the Supreme Court recognized a Bivens claim included: the ground-breaking Bivens case itself, 403 U.S. 388 (allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment); Carlson v. Green, 446 U.S. 14 (1980) (failure to treat prisoner's asthma in violation of the Eighth Amendment); and Davis v. Passman, 442 U.S. 228 (1979) (sex discrimination in violation of Fifth Amendment due process rights).

In a more recent case, the Supreme Court warned that while "*Bivens* is well-settled law in its own context . . . expanding the *Bivens* remedy is now a 'disfavored' judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017). Indeed, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants . . . ." Id. (internal citation omitted). "[F]or almost 40 years, [the Supreme Court] [has] . . . rebuffed requests to add to the claims allowed under *Bivens*." Hernandez v. Mesa, 140 S. Ct. 735, 743 (2020). Instead, "private rights of action to enforce federal law must be created by Congress." Id. at 742 (internal citation omitted).

Courts now undertake a two-step analysis to determine if an implied cause of action under Bivens exists.  Farah, 926 F.3d at 498. The first step is to ascertain whether the case presents "one of 'the three Bivens claims the [Supreme] Court has approved in the past' or whether, instead, allowing the plaintiffs to sue would require us to extend Bivens to a new 'context.'"  Id.  If the claim presented is not one that has been previously recognized, courts consider whether "special factors counsel[] hesitation" in extending Bivens to the claims at hand.  Id.

### 1.    New Context

In Davis v. Passman, noted above,  the plaintiff alleged violation of her due process rights under the Fifth Amendment.  Passman, 442 U.S. 228.  Here, too, "Plaintiff's entire complaint is based on [violations] of his due process rights."  (Doc. No. 2 at 6.)

While both this case and Passman involve a due process claim against federal actors, the facts of the cases and the nature of the alleged violations are different.   As such, the Court must determine if the differences "'are meaningful enough to make [this] context a new one.'"  Farah, 926 F.3d at 498.  The context will be considered new if "the case is different in meaningful way from the previous *Bivens* cases" decided by the Supreme Court.  Abbasi, 137 S. Ct. at 1859.  In deciding whether a context is new, courts consider the following factors, among others:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; [and] the presence of potential special factors that previous *Bivens* cases did not consider.

Farah, 926 F.3d at 498 (citing Abbasi, 137 S. Ct. at 1859-60).

In Passman, the issue was discrimination.  The plaintiff, a congressional staffer, was terminated from her employment on the basis of sex.  Passman, 442 U.S. at 230.  She sought damages in the form of backpay for the alleged violation of her Fifth Amendment rights.  Id. at

231.  Here, Plaintiff, an inmate with administrative remedies available to him, alleges his due process rights were violated (1) when he was not allowed to inventory his possessions at Forrest City and (2) through the delays he has faced with his "in house tort claims."

The factual differences between this case and Passman are vast, with respect to both how the claims arose and the damage alleged.  "When . . . meaningful differences exist, it is not enough to identify a few similarities."  Ahmed v. Weyker, 984 F.3d 564, 570 (8th Cir. 2020).  When meaningful differences exist, a modest extension is nonetheless an extension, "even if [the claim] involves 'the same constitutional provision.'"  Id. (internal citation omitted).  In cases more similar to the one at hand than Passman, courts have found "new context" for Abbasi purposes.  For example, the Court of Appeals for the Ninth Circuit determined that a federal prisoner's due process claim arising out of disciplinary proceedings against him was a new context under Abbasi.  Vega v. United States, 881 F.3d 1146, 1153 (9th Cir. 2018).  And other courts that considered an inmate's Fifth Amendment due process claims in connection with the loss of personal property have found that allowing the claim to proceed would extend Bivens to a new context.  See Berry v. Bureau of Prisons, No. 5:20-CV-424-KKM-PRL, 2021 WL 4166181, at *3 (M.D. Fla. July 27, 2021).  While not binding, such decisions are informative.

Considering the differences between Passman and this case, the Court finds Plaintiff's claims present a new context for the purposes of Abbasi.

## 2.     Special Factors Counseling Hesitation

Because the Court determined Plaintiff's claims present a new context, the determination as to whether an implied cause of action under Bivens exists proceeds to the second step of the analysis: do any "special factors counsel[] hesitation" in allowing the case to proceed as a new Bivens cause of action in the absence of affirmative action by Congress?  Farah, 926 F.3d at 500.

The Court finds there are special factors that counsel hesitation in allowing this case to proceed under <u>Bivens</u>.  First, an inmate could seek relief through the BOP's grievance procedure.  Second, an inmate could seek relief through a claim under the Federal Torts Claims Act.  And Plaintiff may well be referring to one or the other when he says he filed "in house tort claims."  Allowing Plaintiff's claims to proceed under <u>Bivens</u> would engage the courts in disputes that could be and should be raised administratively, which is disfavored.  (See <u>Abbasi</u>, 137 S. Ct. at 1865; <u>Farah</u>, 926 F.3d at 501-02; 28 C.F.R. §§ 542.10-.19).  Providing a damages remedy for Defendants' alleged wrongs in this case lies in Congress's realm.  See <u>Id</u>.  Accordingly, Plaintiff's claims should be dismissed without prejudice for failure to state a claim on which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that

1.      Plaintiff's Complaint be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2.      The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. <u>Gonzalez v. United States</u>, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 17th day of May, 2022.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE